## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DUSTIN PATRICK CURTIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-CV-1150 RLW |
| INSURANCE COMPANY AETNA, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of a Complaint filed by Plaintiff Dustin Patrick Curtis, an inmate at the St. Charles County Department of Corrections. When Plaintiff filed the instant Complaint, he did not pay the required $402 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. For the reasons explained below, this case will be dismissed without prejudice to Plaintiff re-filing the Complaint upon payment of the $402 filing fee.

Plaintiff is a prisoner who has, on more than three prior occasions while incarcerated, brought an action in this Court that was dismissed for one of the reasons listed in 28 U.S.C. § 1915(g).[1] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

---

[1] *See Curtis v. Federal Bureau of Investigation, et al.,* No. 4:18-CV-237-JCH (E.D. Mo. May 30, 2018) (dismissed as frivolous); *Curtis v. House, et al.,* No. 4:19-CV-2597-SRC (E.D. Mo. Jan. 30, 2020) (dismissed as *Heck*-barred); *Curtis v. House, et al.,* No. 4:19-CV-1810-SNLJ (E.D. Mo. Sep. 6, 2019) (dismissed for failure to state a claim); *Curtis v. Nichols, et al.,* No. 4:19-CV-1216-JAR (E.D. Mo. Jan. 27, 2020) (dismissed as *Heck*-barred). This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate to the case at bar. *See United States v. Jackson,* 640 F.2d 614, 617 (8th Cir. 1981).

> relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Therefore, this Court would only be able to grant Plaintiff leave to proceed without prepayment of the required filing fee if Plaintiff "is under imminent danger of serious physical injury." *Id.*

The Court has thoroughly reviewed the Complaint and finds there are no non-conclusory allegations that show Plaintiff is under imminent danger of serious physical injury.  Plaintiff does state he suffers injuries on a daily basis, is in constant pain, and is in danger of being murdered "like Espen got murdered."  (ECF No. 1 at 10).  He states he therefore needs to be released from confinement.  However, Plaintiff does not identify the injuries he suffers daily, nor does he identify any specific threat of harm.

Plaintiff also complains he is subject to an institutional policy that limits the number of grievances he may file.  He provides copies of grievances he tried to file, but none demonstrate that he is under imminent danger of serious physical injury.  For example, in one proposed grievance, Plaintiff wrote: "How the false prophet of Babylon Came to America and God the Almighty utterly won the Battle by Using a Sinner Dustin Patrick Curtis." (ECF No. 1-1 at 3). In another proposed grievance, Plaintiff stated that God was working through him, would provide him "with the most money at a fair price from the foundations on Earth to fund" the ministry, and other such averments.  *Id.* at 8.  Plaintiff provides other proposed grievances and descriptions of grievances, but none contain allegations demonstrating that he is under imminent danger of serious physical injury.

In sum, neither the Complaint nor the documents attached thereto contain allegations demonstrating that Plaintiff is under imminent danger of serious physical injury.  Therefore, it would be futile to give Plaintiff the opportunity to file an Application to Proceed in District

Court Without Prepaying Fees or Costs because the Court would be unable to grant it. The Court will therefore dismiss this action at this time, without prejudice to Plaintiff re-filing the Complaint upon payment of the $402 filing fee. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice to Plaintiff refiling the Complaint upon payment of the $402 filing fee. A separate order of dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of September, 2023.